(No. 3952—)

HERMAN O. RATHJE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 25, 1947,*

CHARLES G. SEIDEL, attorney for claimant.

GEORGE F. BARRETT, Attorney General, and WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

BERGSTROM, J.

Claimant, Herman O. Rathje, was employed by the State of Illinois at the Elgin State Hospital, Elgin, Illinois, and while so employed on April 22, 1944 in the discharge of his duties, a patient by the name of Richard James kicked him in the abdomen, immediately after which he suffered severe pain and called for help. He made a report of his injury the following day, April 23, 1944, to the Chief Nurse of said institution, and shortly thereafter was examined by Dr. Beim, a physician employed by the State of Illinois. The doctor informed him that he had a bad hernia on the left side and indications of another one on the right side. Subsequently, in July of that year, he talked to Dr. Charles Reed, the Managing Officer of the Elgin State Hospital, and asked Dr. Reed whether he could have his own doctor and hospital care for an operation, as his hernia was bothering him. Claimant testified that Dr. Reed said he would have to take the matter up with the State Commission, and later informed claimant that he had received a letter from the Commission stating that any employee had a right to select his own doctor and his own hospital. Claimant went to the hospital and had a hernia operation on August 30, 1944, and stayed in the hospital until September 10, 1944. He also testified that Dr. Reed advised him to send in the doctor and hospital bills in triplicate, and when so presented later, payment of them was refused; that the claimant then paid the bills.

Claimant reported back to work on October 19, 1944, worked one day and was then given a sixty-day leave of absence. After his leave of absence he reported back to

work on December 19, 1944 and worked continuously thereafter until June 16, 1945 when he claims he was sick for a week or ten days, but there is no evidence in the record with respect to the nature of this last illness. He commenced work in other employment about July 4, 1945.

Claimant was paid by the State of Illinois his regular salary of $75.00 per month, plus $32.00 maintenance per month during the time of his illness and leave of absence, which he now claims was due him for accumulated sick leave and vacation, and that the amount so paid should not be applied in payment of the amount he alleges is due him for temporary total disability. He also requests payment of his medical bills.

Claimant's accident occurred on April 22, 1944, and he returned to work the last time on December 19, 1944.

This Court has repeatedly held that under Section 24 of the Workmen's Compensation Act, the right to file application for compensation shall be barred unless such application is filed within one year after the date of the accident where no compensation has been paid, or within one year after the date of last payment of compensation where any has been paid. The Court of Claims is without jurisdiction to enter an award unless claim is filed within the time fixed by said Section 24.

The complaint on its face, and the evidence, shows that the accident occurred on April 22, 1944 and that no compensation was paid other than the regular salary of claimant during his period of disability and sick leave. From the record, this terminated on December 1944, the date claimant went back to work. The record also shows that the complaint, on its face, was not filed until March 4, 1946. Accordingly, this Court is without jurisdiction to hear this complaint.

The testimony on the hearing before Commissioner

East was transcribed by A. M. Rothbart Court Reporting Service, 120 South LaSalle Street, Chicago, Illinois, and invoice rendered for.$25.95. This charge is reasonable and should be paid.

Claim of claimant, Herman O. Rathje, is denied.

An award is entered in favor of A. M. Rothbart Court Reporting Service for stenographic services in the amount of $25.95, which is payable forthwith.